NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3245
_____

ROBERT F. EDWARDS,
                    Appellant

v.

U.S. DEPT. OF H.U.D.; HOUSING AUTHORITY OF PLAINFIELD;
U.S. DEPT. OF H.U.D., NEW YORK REGIONAL OFFICE;
CITY OF PLAINFIELD; U.S. ATTORNEY'S OFFICE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 2:18-cv-00451)
District Judge:  Honorable Esther Salas
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
February 27, 2020

Before: RESTREPO, PORTER and SCIRICA, Circuit Judges

(Opinion filed:  April 2, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Robert F. Edwards appeals from the District Court's dismissal of his claims against several defendants. For the reasons that follow, we will summarily affirm the District Court's judgment.

In January 2018, Edwards filed a complaint in the District Court alleging that he had slipped and fallen on a sidewalk near his apartment in Plainfield, New Jersey, on December 14, 2013. Edwards alleged that he had leased his apartment from defendant Housing Authority of Plainfield ("HAP") and that HAP and defendant U.S. Department of Housing and Urban Development ("HUD") knew of dangerous, slippery conditions on the sidewalk that were left unattended. Edwards sought to pursue tort claims. He subsequently amended his complaint to add the City of Plainfield and the HUD New York Regional Office as defendants.

After several defendants moved to dismiss, it became apparent that Edwards had brought an action in 2015 in the Superior Court of New Jersey against HAP and an individual defendant alleging virtually identically factual allegations as those in his federal complaint. The Superior Court dismissed Edwards' action with prejudice in August 2017. Edwards had also brought an administrative tort claim with HUD in 2016 that was denied in July 2017. The District Court ultimately dismissed Edwards' claims against HAP with prejudice on res judicata grounds and dismissed his remaining claims without prejudice and with leave to file an amended complaint.

Edwards then filed a second amended complaint, bringing claims solely against HUD and the United States Attorney's Office. On those defendants' motion, the District

2

Court dismissed Edwards' claims without prejudice for lack of subject matter jurisdiction. Edwards timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal of Edwards' claims. See Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009); Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 180 (3d Cir. 2008); U.S. SEC v. Infinity Grp. Co., 212 F.3d 180, 186 n.6 (3d Cir. 2000); see also NJ Physicians, Inc. v. President of U.S., 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice"). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

First, the District Court properly dismissed Edwards' claims against HAP on res judicata grounds. "[T]he doctrine of claim preclusion, or res judicata, . . . bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." United States v. Tohono O'Odham Nation, 563 U.S. 307, 315 (2011) (internal quotation marks and citation omitted). It is an affirmative defense, and "the party asserting such a bar bear[s] the burden of showing that it applies." United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984). As detailed by the District Court, HAP met its burden of showing that Edwards brought a previous action alleging materially identical claims against HAP, and that his claims were dismissed with prejudice, a final judgment on the merits. Thus, Edwards' claims against

3

HAP are barred by res judicata.

Next, Edwards failed to state a claim against the City of Plainfield because he made no factual allegations against the City. Despite being granted leave to amend his claims against the City, Edwards did not name the City as a defendant in his final amended complaint or add any allegations against the City. Accordingly, Edwards' claims against the City were also properly dismissed.

Finally, Edwards' remaining claims were properly dismissed for lack of subject matter jurisdiction. See FDIC v. Meyer, 510 U.S. 471, 475 (1994). Although Federal Tort Claims Act ("FTCA") claims can be brought against the United States for certain torts committed by federal employees, the FTCA does not permit a suit against an agency in its own name. See 28 U.S.C. § 2679; Meyer, 510 U.S. at 476. Edwards did not name the United States as a defendant in any of his complaints, despite instructions and opportunities to do so.

Accordingly, we will summarily affirm the District Court's judgment.